IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 06- **55** |
| | : | |
| RICHARD ADJEI, a/k/a JOHNSON AGYEMAN, | : | |
| | : | |
| Defendant. | : | |





FILED
MAY 1 1 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**INDICTMENT**

The Federal Grand Jury for the District of Delaware charges that:

**COUNT I**

**Introduction**

1.  At all times relevant to this Indictment, HSBC Bank, JP Morgan Chase (Bank One), and Santa Barbara Bank & Trust (SBB&T) were federally insured financial institutions, the deposits of which were insured by the Federal Deposit Insurance Corporation or FDIC.

2.  A refund anticipation loan, hereinafter referred to as a "RAL", is a short term loan that a financial institution issues, for a fee, to a person anticipating a tax refund. The loan is for the amount of the tax refund due the taxpayer less fees. In obtaining a RAL, the taxpayer directs the Internal Revenue Service (IRS) to pay the anticipated refund over to the financial institution issuing the RAL, thereby repaying the loan. At all times relevant to this Indictment, HSBC Bank, Bank One, and SBB&T issued RALs.

3.  In order to become an authorized electronic filer of income tax returns, one must submit to the IRS Form 8633, Application to Participate in the IRS E-File Program. Upon

approval of the application, the requestor becomes an Electronic Return Originator ("ERO") and is assigned an Electronic Filing Identification Number ("EFIN") which the IRS uses to identify and monitor ERO activity. On or about August 8, 2005, the IRS received a Form 8633 from an electronic return preparer named Auskwat Services (Auskwat). The IRS approved the application and assigned Auskwat an EFIN, thereby permitting Auskwat to submit electronic returns to the IRS. Unbeknownst to the IRS, the defendant, Richard Adjei, a/k/a Johnson Agyeman, was Auskwat.

4. Between in or around January 2006, and in or around April 2006, the defendant, operating as Auskwat, filed electronically with the IRS 149 tax returns for the 2005 tax year. In filing the returns, the defendant used the names and Social Security Account Numbers of individuals without their knowledge and/or permission. Virtually all of the persons whose identities the defendant used had been patients of doctors associated with a hospital in Milwaukee, Wisconsin.

5. The defendant, operating as Auskwat and using the EFIN assigned to Auskwat by the IRS, enrolled in HSBC Bank's RAL program. Between on or about January 10, 2006, and on or about March 6, 2006, the defendant, operating as Auskwat, submitted sixty-six returns and corresponding RAL applications to HSBC Bank using the names and Social Security Account Numbers of individuals without their knowledge or permission. The total refunds sought amounted to $183,051.

6. The defendant, operating as Auskwat and using the EFIN assigned to Auskwat by the IRS, enrolled in Bank One's RAL program. Between on or about January 13, 2006, and on or about February 4, 2006, the defendant, as Auskwat, submitted thirty-two returns and

corresponding RAL applications to Bank One using the names and Social Security Account Numbers of individuals without their knowledge or permission. The total amount of refunds claimed on these returns was $87,046. Bank One allowed Auskwat to print Bank One cashier's checks for payment of the RALs. Auskwat directed Bank One to direct deposit any monies owed to it into an account held in the defendant's name.

7. The defendant, operating as Auskwat and using the EFIN assigned to Auskwat by the IRS, enrolled in SBB&T's RAL program. SBB&T allowed Auskwat to print SBB&T cashier's checks for payment of the RALs, and, on or about December 27, 2005, SBB&T mailed thirteen packages containing blank check stock to Auskwat at the defendant's address in Bear, Delaware. Between on or about January 19, 2006, and on or about January 21, 2006, the defendant, as Auskwat, submitted twenty-two returns and corresponding RAL applications to SBB&T using the names and Social Security Account Numbers of individuals without their knowledge or permission. The total amount of refunds claimed on these returns was $77,048.

8. The defendant, Richard Adjei, a/k/a Johnson Agyeman, received the proceeds of the RALs issued by HSBC, Bank One, and SBB&T to the purported clients of Auskwat and did not pay the proceeds to the taxpayers listed on the fraudulent returns.

### Charging Paragraph

9. From on or about August 8, 2005, until in or around April 2006, in the State and District of Delaware, the defendant, Richard Adjei, a/k/a Johnson Agyeman, did knowingly execute and attempt to execute a scheme and artifice to defraud HSBC Bank, JP Morgan Chase (Bank One), and Santa Barbara Bank & Trust, federally insured financial institutions, in that the defendant was engaged in a scheme and artifice to defraud as described in paragraphs 1 through 8

above, incorporated herein by reference, and, in execution of that scheme, on or about January 13, 2006, the defendant, operating as Auskwat Services, filed a fraudulent tax return and corresponding RAL application using the name and Social Security Account Number of RK without RK's knowledge or permission, and based on this application, Bank One issued a RAL on or about February 1, 2006, all in violation of Title 18, United States Code, Section 1344.

## COUNT II

10. From in or around November 2005, through in or around April 2006, in the State and District of Delaware, Richard Adjei, a/k/a Johnson Agyeman, defendant herein, did knowingly use, without lawful authority, means of identification of at least 149 persons, to wit, their names and Social Security Account Numbers, during and in relation to a violation of the bank fraud statute, 18 U.S.C. § 1344, as described in paragraphs 1 through 8 above, incorporated herein by reference, all in violation of Title 18, United States Code, Section 1028A.

## COUNT III

11. On or about March 21, 2006, in the District of Delaware, Richard Adjei, a/k/a Johnson Agyeman, defendant herein, did knowingly engage and attempt to engage in a monetary transaction, that is, the purchase of a 2004 Toyota 4Runner from a car dealership in New Hampshire which was then engaged in, and the activities of which affected, interstate commerce, using criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, bank fraud, as more fully set forth in Count One of the Indictment, incorporated herein by reference, in violation of 18 U.S.C. §1344, all in violation of 18 U.S.C. §1957.

## COUNT IV

12. On or about January 13, 2006, in the District of Delaware, Richard Adjei, a/k/a Johnson Agyeman, the defendant, for the purpose of obtaining something of value and for other purposes, knowingly, willfully and with the intent to deceive, made a materially false statement to obtain a refund anticipation loan from Bank One, used the name RK, and falsely and fraudulently represented his Social Security Account Number to be that assigned to RK, when in fact this Social Security Account Number was falsely and fraudulently obtained by the defendant, all in violation of Title 42, United States Code, Section 408(a)(7)(B).

## Notice of Forfeiture

### Count I

Upon conviction of the offense alleged in Count I of this Indictment, defendant Richard Adjei, a/k/a Johnson Agyeman, shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation, including but not limited to:

a. **Money Judgment** - a sum of money equal to $310,183 in United States currency, representing the amount of proceeds obtained as a result of the offense, to wit, a violation of 18 U.S.C. § 1344, bank fraud.

b. **Personal Property** - (1) a 2004 Toyota 4Runner, VIN no. JTEBT14R548009455; (2) a 2004 Volkswagen Touareg, VIN no. WVGCM67L74D006263; and (3) a 2001 Lexus RX 300, VIN no. JTJHF10U010182744.

### Substitute Assets

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), and with respect to Count I of this Indictment, defendant Richard Adjei, a/k/a Johnson Agyeman, shall forfeit substitute property up to the value of $310,183, if, by any act or omission of the defendant, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

### Count III

Upon conviction of the offense alleged in Count III of this Indictment, defendant Richard Adjei, a/k/a Johnson Agyeman, shall forfeit the following property to the United States pursuant to 18 U.S.C. § 982(a)(1):

a. All right, title, and interest in any and all property involved in each offense in violation of Title 18, United States Code, Section 1957 for which the defendant is convicted, and all property traceable to such property, including the following: 1) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of Section 1957; 2) all commissions, fees and other property constituting proceeds obtained as a result of those violations; and 3) all property used in any manner or part to commit or to facilitate the commission of those violations. With respect to Count III, such property includes, but is not limited to a 2004 Toyota 4Runner, VIN no. JTEBT14R548009455.

  b. A sum of money equal to the total amount of money involved in the offense alleged in Count III for which the defendant is convicted: $14,428.

A TRUE BILL:

_____
Foreperson

COLM F. CONNOLLY
United States Attorney

By: _____
Beth Moskow-Schnoll
Assistant United States Attorney

Dated: May 11, 2006